IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NEIL B. STAFFORD,

             Plaintiff,            Civil No. 06-3007-CO

            v.                FINDINGS AND
                              RECOMMENDATION

Marie Hill, et al.,

             Defendants.

COONEY, Magistrate Judge.

     Defendants removed this action from the Circuit Court of the State of Oregon for Lane County and now move for summary judgment (#11) on the ground that this action is barred by the doctrine of res judicata.

     Plaintiff's complaint alleges civil rights violations and violations of ORS 166.715-166-735 [O.R.I.C.O. - "racketeering"].  Plaintiff seeks damages and injunctive relief.

1 - FINDINGS AND RECOMMENDATION

Plaintiff claims arise out of defendants' alleged actions relative to plaintiff's parole and sex offender treatment. Plaintiff has filed two previous lawsuits concerning substantially the same matters. Plaintiff acknowledges that his claims for denial of free speech, cruel and unusual punishment, and denial of due process "remains as a general theme in previous litigations and the present one." Plaintiff's Opposition (#16) p. 2. Plaintiff contends that the present case is not barred by res judicata because the issues of plaintiff's ability to "petition for redress of grievances" and a "pattern of racketeering" were not issues in plaintiff's previous cases. Id.

Under the doctrine of res judicata a federal action may be barred where an earlier suit in state or federal court: involved the same claim as the present suit; reached a final judgment on the merits; and involved the same parties or their privies. Manufactured Home Communities, Inc. v. City of San Jose, Inc., 420 F.3d 1022, 1031 (9th Cir. 2005); Allen v. McCurry, 440 U.S. 90, 94 (1980).

The elements necessary to establish res judicata are: (1) an identity of claims; (2) a final judgment on the merits, and (3) privity between the parties. Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005) quoting Tahoe-Serria Pers. Council, Inc. v Tahoe Regional Planning

Agency, 323 F.3d 1064, 1077 (9th Cir. 2003).

     In determining whether a present action concerns the same claims as a prior litigation, the court considers: (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same rights; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important. Headwaters, Inc. v. U.S. Forest Service, 299 F.3d at 1052 quoting Constantini v. Transworld Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

      The crux of plaintiff's present lawsuit is that his sex offender therapy provider improperly terminated his treatment and that his parole officer failed to follow due process in jailing plaintiff for alleged parole violations. Plaintiff also alleges failure by various Josephine County employees to investigate the alleged constitutional violation perpetrated on plaintiff.  Plaintiff further alleges denial of library internet use and improper seizure of funds in his inmate trust account.  All of these allegations were adjudicated by the prior judgments in Civ. No. 04-3078 and Civ. No. 05-6234-AA.

      Final judgments have been entered in both of those

cases.  Although plaintiff's contention in this action that the defendants alleged conduct deprived him of his right to petition for redress of grievances and constituted a pattern of racketeering, was not present in his former cases, the underlying facts giving rise to those claims were alleged and litigated - adversely to plaintiff.

I find that plaintiff's complaint in this case alleges an infringement of  the same rights and arises out of the same nucleus of facts litigated on the merits in Civ. No. 04-3078-HO and Civ. NO. 05-6234-AA.  Final judgments have been entered in those cases.   Thus, an identity of claims and parties exists and the present action is barred by the doctrine of res judicata.

Based on all of the foregoing, defendants' Motion for Summary Judgment (#11) should be allowed and this action should be dismissed with prejudice.

Defendants' request for attorney's fees pursuant to 42 U.S.C. § 1988 should be denied.   Plaintiff is a pro se litigant that clearly believes in that he has been wronged by defendants' conduct. I consider his lawsuits - to this point - to have been pursued in good faith.   Further attempts to litigate the same issues may be viewed differently.

For the same reason, defendants' Motion to declare plaintiff a vexatious litigant (#15) should be denied, without

4 - FINDINGS AND RECOMMENDATION

prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to  appellate  review of the findings of fact in an order or judgment  entered  pursuant  to  the  Magistrate  Judge's recommendation.

DATED this _9th__ day of June, 2006.

_____s/_____
John P. Cooney
United States Magistrate Judge